# EXHIBIT "A-1"

E-FILED
Bexar County, County Clerk
Gerard Rickhoff
Accepted Date: 1/12/2016 3:05:09 PM
Accepted By: Alma Patino
**Alma Patino**
Deputy Clerk

CAUSE NO. **2016CV00139**

| | | |
|---|---|---|
| JAMES M. BLACK, III | § | IN THE COUNTY COURT |
| | § | **CC# 03** |
| VS. | § | AT LAW NUMBER _____ |
| | § | |
| | § | |
| TRAVELERS LLOYDS OF TEXAS | § | |
| INSURANCE COMPANY AND | § | |
| BLAKE THIGPIN | § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES JAMES M. BLACK, III ("Plaintiff"), complaining of TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY and BLAKE THIGPIN ("Defendants"), and for such cause of action respectfully shows unto the Court and Jury as follows:

### I. DISCOVERY CONTROL PLAN

Plaintiff intends to conduct discovery in this case under Level 2 pursuant to Rule 190.3 of the Texas Rules of Civil Procedure. Plaintiff currently seeks monetary relief of over $20,000 but not more than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. Therefore, Plaintiff asks the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II. PARTIES

Plaintiff, JAMES M. BLACK, III, is a resident of Bexar County, Texas.

Defendant, TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY, is a corporation engaged in the business of insurance in this state. It may be served with process by serving its registered agent, Corporation Service Company, by certified mail, return receipt

1

requested, at 211 East 7th Street, Suite 620, Austin, TX 78701-3218. Plaintiff requests service at this time.

Defendant BLAKE THIGPIN is an individual that may be served with process by serving him at his place of business located at 4650 Westway Park Blvd., Suite 350, Houston, Harris County, Texas 77041 by a private process server.

### III. AGENCY AND RESPONDEAT SUPERIOR

Whenever in this petition it is alleged that Defendant did any act or thing, it is meant that Defendant itself or its agents, officers, servants, employees, or representatives did such a thing. It was also done with the full authorization or ratification of Defendant or done in the normal routine, course and scope of the agency or employment of Defendant or its agents, officers, servants, employees, adjusters or representatives.

### IV. JURISDICTION AND VENUE

This Court has Jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court. Pursuant to Texas Rule of Civil Procedure 169 for Expedited Actions, the Plaintiff seeks monetary relief in an aggregate amount of less than $100,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

Venue is proper in Bexar County, Texas, because all or a substantial part of the events giving rise to the lawsuit occurred in this county.

### V. CONDITIONS PRECEDENT

All conditions precedent to recovery have been performed, waived, or have occurred.

## VI. FACTS

A. Plaintiff is the owner of a Texas Homeowners Policy No. OPJ678-9-76574174-676, issued by Travelers Lloyds of Texas Insurance Company (the "Policy").

B. Plaintiff owns the insured property, which was stolen and is more specifically described in Plaintiff's Sworn Proof of Loss. Stolen items are also listed and described in documents provided to Travelers after said information and itemization was requested by Travelers.

C. Travelers or its agent, sold the Policy, which insured the Property, to Plaintiff.

D. On October 1, 2014, various items and property were stolen from Plaintiff's fishing yacht.

E. The Plaintiff immediately submitted a claim to Travelers. Travelers assigned an adjuster, Blake Thigpin, to the claim. Travelers assigned claim number HRN2937 to Plaintiff's claim. The adjuster, on behalf of Travelers, requested a list of items stolen from Plaintiff's yacht. Plaintiff provided a list of the items requested by said adjuster along with an estimate of how much it would cost to replace said items. The adjuster, on behalf of Travelers, was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's claim. The adjuster, on behalf of Travelers, prepared his own estimate on what it could cost to replace said items, which vastly underscored, omitted, and undervalued the contents stolen from the yacht. The adjuster, Blake Thigpin, on behalf of Travelers, determined that a payment of $2,821.73 would compensate Plaintiff for the contents lost in the theft. Travelers did not conduct a thorough investigation of the claim. Further, Travelers arbitrarily depreciated and withheld depreciation at an excessive percent in violation of the Insurance Code.

F. Travelers failed to fairly evaluate and adjust Plaintiff's claim as they are obligated to do under the Policy and Texas law. By failing to properly investigate the claim and wrongfully

denying full coverage to Plaintiff, Travelers engaged in unfair settlement practices by misrepresenting material facts to Plaintiff and undervaluing or omitting from consideration their stolen personal property.

G. Travelers failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the Policy. Specifically, Travelers failed and refused to properly pay proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the contents loss and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Travelers' conduct constitutes a breach of the insurance contract.

H. Travelers misrepresented to Plaintiff that some of the stolen contents were not covered under the Policy, even though the stolen contents was covered. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code Section 541.060(a)(1).

I. Travelers failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code Section 541.060 (a)(2)(A).

J. Travelers failed to explain to Plaintiff why full payment was not being made on all contents stolen. Furthermore, Defendants did not communicate that future payments would be forthcoming to pay for the entire losses covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. Tex. Ins. Code Section 541.060(a)(3).

K. Travelers failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim and all contents, in writing from Defendants. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code Section 541.060(a)(4).

L. Travelers refused to fully compensate Plaintiff, under the terms of the Policy, even though Travelers failed to conduct a reasonable investigation. Specifically, Travelers performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation and valuation of Plaintiff's contents loss. Travelers' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code Section 541.060 (a)(7).

M. Travelers failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated deadline. Travelers' conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code Section 542.055.

N. Travelers failed to accept or deny the Plaintiff's full and entire claim and pay for all stolen contents reported within the statutory mandated deadline after receiving all necessary information. Travelers' conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code Section 542.056.

O. Travelers failed to meet its obligations under the Texas Insurance Code regarding payment of a claim without delay. Specifically, Travelers has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not yet received full payment for

    Plaintiff's claim on all Plaintiff's stolen contents. Travelers' conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code Section 542.058.

P.     After Plaintiff's claim was presented to Travelers, the liability of Travelers to pay the full claim for all stolen contents in accordance with the terms of the Policy was reasonably clear. However, Travelers has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment on all contents listed and submitted as stolen. Travelers' conduct constitutes a breach of the common law duty of good faith and fair dealing.

Q.     As a result of Travelers' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the undersigned attorney and law firm who are representing Plaintiff with respect to these causes of action.

R.     The Plaintiff's experience is not an isolated case. The acts and omissions of Travelers committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Travelers with regard to handling these types of claims. Travelers' entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholder.

## VII. THEORIES OF LIABILITY

### A. Cause of Action for Breach of Contract

    Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

    According to the Insurance Policy that Plaintiff purchased, Travelers has the duty to investigate and pay Plaintiff's policy benefits for claims made for covered losses, for stolen

personal property, including additional benefits under the Policy, resulting from the losses. As a result of these losses, which under the Policy, the Plaintiff's has been damaged.

Travelers' failure and continued refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Travelers' contract with Plaintiff. As a result of this breach of contract, Plaintiff has suffered the losses that are described in this petition. Plaintiff asserts Travelers clearly breached its contract of insurance by failing to pay a reasonable amount for like, kind and quality of all stolen items reported by Plaintiff. These stolen items include but are not limited to:

1. A custom removable yacht/fighting chair;

2. A flat screen TV;

3. Fenders, dock lines, and various ropes for securing the yacht when traveling to different ports;

4. Water softener;

5. Fly bridge curtains and enclosures;

6. Magnum portable propane BBQ pit; and,

7. Tools

**B. Cause of Action for Violation of Section 542**

The Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

Travelers' acts, omissions, failures, and conduct that are described in this petition violate Section 542 of the Texas Insurance Code. Within the timeframe required after the receipt of either actual or written notice of the Plaintiff's claim for all stolen property, Travelers did not

request from Plaintiff any additional items, statements, and forms that it reasonably believed at that time would be required from Plaintiff for Plaintiff's claim. As a result, Travelers has violated Section 542 by failing to accept or reject Plaintiff's claim for all stolen items in writing within the statutory timeframe. Travelers also violated Section 542 by failing to pay Plaintiff's full claim for all stolen items within the applicable statutory period. In addition, in the event it is determined that Travelers owes Plaintiff any additional monies on Plaintiff's stolen property claim, then Travelers has automatically violated Section 542 in this case.

## C. DTPA Cause of Action

The Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

The Plaintiff incorporates all the allegations in this petition for this cause of action against Travelers under the provisions of the DTPA. The Plaintiff is a consumer of goods and services provided by Defendant pursuant to the DTPA. The Plaintiff has met all conditions precedent to bringing this cause of action against Travelers. Specifically, Travelers' violations of the DTPA include, without limitation, the following matters:

By its acts, omissions, failures, and conduct that are described in this petition, Travelers has violated Sections 17.46 (b)(2), (5), (7), (12) and (19) of the DTPA. In this respect, Travelers' violations include, without limitation, (1) its unreasonable delays in the investigation, adjustment and resolution of Plaintiff's claim, (2) its failure to give Plaintiff the benefit of the doubt, and (3) its failure to pay for the proper replacement of all of Plaintiff's stolen contents on which liability and the obligation to pay for all stolen items had become reasonably clear.

8

As described in this petition, Travelers represented to Plaintiff that its insurance policy and Travelers' adjusting and investigative services had characteristics or benefits that it did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(5) of the DTPA;

As described in this petition, Travelers represented to Plaintiff that its insurance policy and Travelers' adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46 (b)(7) of the DTPA;

A. As described in this petition, Travelers represented to Plaintiff that its insurance policy and Travelers' adjusting and investigative services conferred or involved rights, remedies, or obligations that it did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(12) of the DTPA;

B. Travelers has breached an express warranty that the loss of contents caused by the theft of Plaintiff's yacht would be covered under the insurance policies. This breach entitles the Plaintiff to recover under Sections 17.46 (b)(12) and (19) and 17.50 (a)(2) of the DTPA;

C. Travelers' actions, as described in this petition, are unconscionable in that they took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Travelers' unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA; and

D. Travelers' conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA.

All of the above-described acts, omissions, and failures of Travelers are a producing cause of Plaintiff's losses that are described in this petition. All of the above-described acts,

omissions, and failures of Travelers were done knowingly and intentionally as those terms are used in the Texas Deceptive Trade Practices Act.

### D. Cause of Action for Unfair Insurance Practices

The Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

The Plaintiff incorporates all the allegations in this petition for this cause of action against Travelers under the Texas Insurance Code. The Plaintiff has satisfied all conditions precedent to bringing this cause of action. By its acts, omissions, failures, and conduct, Travelers has engaged in unfair and deceptive acts or practices in the business of insurance in violation of 541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition plus Travelers' unreasonable delays in the investigation, adjustment, and resolution of the Plaintiff's claim and Travelers' failure to pay for the proper replacement of all of the items stolen from the Plaintiff on which liability had become reasonably clear. They further include Travelers' failure to give Plaintiff the benefit of the doubt. Specifically, Travelers is guilty of the following unfair insurance practices:

- A. Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;
- B. Engaging in unfair claims settlement practices;
- C. Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;
- D. Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of claims submitted in which liability has become reasonably clear;
- E. Failing to affirm or deny coverage of Plaintiff's claim for all stolen property within a reasonable time;

10

  F. Refusing to pay Plaintiff's claim without conducting a reasonable investigation with respect to the claim; and

  G. Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of a claim or for the offer of a company's settlement.

Travelers has also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing. Defendant's conduct as described herein has resulted in Plaintiff's losses that are described in this petition.

All of the above-described acts, omissions, and failures of Travelers were done knowingly as that term is used in the Texas Insurance Code. The Travelers adjuster knowingly omitted payment for many of Plaintiff's stolen property items.

## E. Cause of Action for Breach of Duty of Good Faith and Fair Dealing

Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations of the preceding paragraphs for this cause of action. By its acts, omissions, failures, and conduct, Travelers has breached its common law duty of good faith and fair dealing by failing to pay the proper amounts on Plaintiff's entire claim without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial. Travelers has also breached this duty by unreasonably delaying payment of Plaintiff's entire property claim and by failing to settle Plaintiff's entire claim because Travelers knew or should have known that it was reasonably clear that the claim for all stolen property was covered. These acts, omissions, failures, and conduct of Travelers are a proximate cause of Plaintiff's losses.

## VIII. WAIVER AND ESTOPPEL

Travelers has waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to the Plaintiff.

## IX. DAMAGES

The above described acts, omissions, failures, and conduct of Travelers caused Plaintiff's damages, which include, without limitation, the cost to properly replace the items stolen from Plaintiff's yacht and any investigative fees incurred in the claim. The Plaintiff is also entitled to recover consequential damages from Travelers' breach of contract. The Plaintiff is also entitled to recover the amount of Plaintiff's claim plus an 18% per annum penalty on that claim against Defendant as damages under Section 542 of the Texas Insurance Code, plus prejudgment interest and attorneys fees. All the damages described in this petition are within the jurisdictional limits of the Court and the Plaintiff seeks monetary relief in an aggregate amount over $20,000 and not more than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

## X. ADDITIONAL DAMAGES

Travelers has also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Texas Farmers' knowing and intentional misconduct, Plaintiff is entitled to additional damages as authorized by Section 17.50(b)(1) of the DTPA. Plaintiff is further entitled to the additional damages that are authorized by Section 541 of the Texas Insurance Code.

## XI. EXEMPLARY DAMAGES

Travelers' breach of its duty of good faith and fair dealing owed to Plaintiff was done intentionally, with a conscious indifference to the rights and welfare of Plaintiff, as defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by Travelers are the type of conduct which the State of Texas protects its citizen against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Travelers for its wrongful conduct and to set an example to deter Travelers and others similarly situated from committing similar acts in the future.

## XII. ATTORNEYS' FEES

As a result of Travelers' conduct that is described in this petition, Plaintiff has been forced to retain the undersigned attorneys to prosecute this action and has agreed to pay reasonable attorneys' fees. Plaintiff is entitled to recover these attorneys' fees under Chapter 38 of the Texas Civil Practices and Remedies Code, Sections 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

## XIII. DISCOVERY

Under the Texas Rule of Civil Procedure 194, the Defendant is requested to disclose within fifty (50) days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2 (a) through (1).

## XIV. JURY DEMAND

Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## XV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that upon trial hereof, said Plaintiff have and recover such sums as

13

would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, both as to actual damages, consequential damages, treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of court, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, at law or in equity, to which Plaintiff may show himself to be justly entitled.

Respectfully submitted,

SPARR & GEERDES, INC.
1313 NE LOOP 410, SUITE 100
SAN ANTONIO, TEXAS 78209
210-828-6500 - TELEPHONE
210-828-5444 - TELECOPIER

/S/ RICHARD A. SPARR, JR.

BY:_____

RICHARD A. SPARR JR.
STATE BAR NO. 18887300
**ATTORNEYS FOR THE PLAINTIFF**